UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
Linda I. Slone,                                               :
                                                              :   **ORDER DISMISSING CASE FOR**
                            Plaintiff,                        :   **FAILURE TO PROSECUTE**
                                                              :
    -against-                                                 :   16 Civ. 4325 (AKH)
                                                              :
Mafra Restaurant Group et al.,                                :
                                                              :
                            Defendants.                       :
                                                              :
------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/23/19

ALVIN K. HELLERSTEIN, U.S.D.J.:

    On May 6, 2019, plaintiff was ordered to show cause, by written submission filed no later than May 20, 2019, why this case should not be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b). In light of plaintiff's inadequate showing, the case is dismissed.

    On June 9, 2016, plaintiff filed this complaint, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, among other claims. On December 9, 2016, after receiving three adjournments, plaintiff appeared before the Court for a status conference and received instructions to move for default by January 6, 2016. Plaintiff did not do so. In his May 20, 2019 letter, unsupported by factual declaration, plaintiff states only that "[d]ue to a heavy case load, . . . counsel did not realize, off hand, that this case was not moving forward." ECF 22. Plaintiff states that he completed service of process, and that defendant has not appeared. Beyond plaintiff's case load and travel, plaintiff provides no explanation for his failure to move for default, either in response to the Court's December 9, 2016 order, or in response to defendant's failure to appear or answer the complaint.

"Federal Rule of Civil Procedure 41(b) is a discretionary measure that allows courts to dismiss a case with prejudice where the 'plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order . . . .'" *Rubin v. Abbott Labs.*, 319 F.R.D. 118, 119 (S.D.N.Y. 2016) (quoting Fed. R. Civ. P. 41(b)). The Second Circuit has held that dismissal for lack of prosecution is a "harsh remedy" that should "be utilized only in extreme situations." *Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) ("*Drake*")). Under the parameters set out in *Drake*, a court may properly dismiss a case for failure to prosecute "after examining whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." *Drake*, 375 F.3d at 254.

First, plaintiff's failure to prosecute rests on the plaintiff alone, and the delay is of a significant duration. Plaintiff last appeared before the Court on December 9, 2016 and has sought no subsequent relief, a delay of nearly thirty months. Second, plaintiff received notice at the December 9, 2016 conference that he was to move for default judgment by January 6, 2016. Plaintiff received further notice in the Court's May 6, 2019 letter and has failed to demonstrate further progress in the case. Third, I conclude that defendant is likely to be prejudiced by plaintiff's lengthy and inexcusable delay, because of decayed evidence. "Prejudice to the defendant may be presumed from an unreasonable delay in prosecution. Seventeen months is, by any measure, unreasonable." *Rubin*, 319 F.R.D. at 121. Thirty months, *a fortiori*, is more than sufficient to infer prejudice.

2

Fourth, I find that the delay has not impacted the Court's trial calendar. Fifth, I have considered lesser sanctions, including a fine, but conclude that a fine would not be sufficient to overcome prejudice to defendant. Plaintiff's counsel has previously been placed on notice by other courts that dismissal will result from failure to prosecute. *Hirsch v. Pabusta*, No. 11-cv-04986 (RRM) (VMS), 2013 WL 1856576, at *3 (E.D.N.Y. May 2, 2013) (following eight month delay, dismissing, for failure to prosecute, complaint by plaintiff's counsel).

Weighing these factors together in the context of the case record, I conclude that dismissal is appropriate. This case is dismissed. The Clerk shall mark the case closed.

SO ORDERED.

Dated: May 23, 2019
       New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3